FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2015 JAN 21 P 12: 36

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ESSEX INDUSTRIES, INC.,<br>a Missouri corporation,<br><br>Plaintiff,<br><br>v.<br><br>KAZI INVESTMENT GROUP, INC.,<br>a California corporation,<br><br>and<br><br>SOVANA GLOBAL LOGISTICS, LLC,<br>a Nevada limited liability company,<br><br>Defendants. | Case No. 1:15cv77 |

**EMERGENCY MEMORANDUM IN SUPPORT OF MOTION FOR PREJUDGMENT ATTACHMENT**

Plaintiff Essex Industries, Inc. ("Essex"), by and through its attorneys, seeks an order of this Court authorizing and directing the prejudgment attachment of goods manufactured and delivered by Essex to Kazi Investment Group, Inc. ("Kazi") for which Kazi has failed and refused to pay. Essex has made demand on Kazi for payment, but Kazi continues to fail to pay. Because Kazi is a foreign corporation and is not a resident of the Commonwealth of Virginia, and because Kazi has estate or debts owing to it within Loudoun County, Virginia, Essex is entitled to prejudgment attachment against the goods.

### Background Summary

In 2007, the United States Department of Defense Counter Narcoterrorism Program Office ("CNTPO") entered into a contract dated August 24, 2007 (the "Prime Contract") with Raytheon Technical Services Company LLC ("Raytheon") under which Raytheon agreed to

2055199.2

furnish certain labor and materials to CNTPO. In turn, Raytheon and Kazi entered into a master subcontract dated October 17, 2011 (the "Subcontract"), under which Kazi agreed to furnish certain labor, equipment, and materials to Raytheon in support of the Prime Contract.

Kazi then entered into a lower-tier subcontract in the form of a purchase order (the "Purchase Order") with Essex on December 17, 2013, under which Kazi agreed to purchase the following materials (the "Essex Goods") from Essex at a total price of $444,418.59:

i. NPTLOX Next Generation Portable Oxygen System 50C-0083-1, Part 6530-01-585-4676 (3 @ $46,254 = $138,762)

ii. Oxygen Liquefier y Generator OGL 50C-0103-3, Part 3655-01-601-2119 (2 @ $100,587.69 = $201,175.38);

iii. The Mounted Medical Oxygen System (MMOS), Part P/N 50C-0105-1 (3 @ $12,875 = $38,625); and

iv. Liquid Oxygen System for Medical Evacuation, Essex Aeromedical Liquid Oxygen System Model 526 RTI-10C0045-10 (3 @ $21,952.07 = $65,856.21).

In connection with the order from Kazi, Kazi executed a Credit Application with Essex, dated May 28, 2014, in which Kazi agreed to terms and conditions of Essex, including Kazi's agreement to pay interest on overdue accounts at 1.5% per month and to pay all costs of collection, including attorneys' fees.

Essex manufactured the Essex Goods and delivered them as directed by Kazi in the Purchase Order, with delivery to Kazi in care of Sovana Global Logistics, LLC ("Sovana"), at 45969 Nokes Blvd., Suite 175, Dulles, Virginia 20166 (the "Warehouse") on or about June 25, 2014. Receipt of the Essex Goods at the Warehouse was acknowledged on or about June 25, 2014.

In connection with the shipment of the Essex Goods, Essex delivered to Kazi an invoice in the amount of $446,813.59 (the "June Invoice"), and a statement of Terms and Conditions that govern the sale. Kazi did not pay Essex for the Essex Goods following the June Invoice.

In August 2014, Kazi confirmed the Prime Contract, Subcontract and Purchase Order when it executed a "Joint Payment Agreement" With Essex and Raytheon. Essex sent a revised Invoice to Kazi, dated August 14, 2014, in the total amount of $446,813.59, which included shipping costs of $2,395.00. Kazi still did not pay, has not paid, and continues to fail and refuse to pay Essex for the Essex Goods, despite the June and August invoices and additional demand by Essex.

On or about October 21, 2014, Essex, through its attorneys, again made demand on Kazi and directed Kazi to hold the Essex Goods subject to reclamation rights of Essex under section 2-702 of the Uniform Commercial Code, and further demanded that Kazi cause the Essex Goods to be segregated from other Kazi goods, held safely for the benefit of Essex, and be returned to Essex in the absence of immediate payment. Brad Brigante, general counsel for Kazi, confirmed that he had instructed "our shipping company in writing (a) to segregate the Essex goods from the other goods to be delivered to Colombia, and (b) to hold pending my written instructions." Mr. Brigante, further stated that "the Essex goods will NOT be shipped anywhere until this matter is satisfactorily resolved for all parties."

Although Kazi has stated its commitment not to ship or move the Essex Goods, Kazi has not returned the Essex Goods to Essex, and Essex has no knowledge as to the current status of the Essex Goods other than as is set forth above.

## ARGUMENT

Essex is entitled to an order of prejudgment attachment under Federal Rules of Civil Procedure 64(a) and (b) and the provisions of the Virginia Code applicable here. In particular, Va. Code Ann. section 8.01-534.A.1 provides the grounds for issuance of a prejudgment attachment. That section provides in relevant part:

> A. It shall be sufficient ground for an action for pretrial levy or seizure or an attachment that the principal defendant or one of the principal defendants:
> B.
> 1. Is a foreign corporation, or is not a resident of this Commonwealth, and has estate or has debts owing to such defendant within the county or city in which the attachment is, or that such defendant being a nonresident of this Commonwealth, is entitled to the benefit of any lien, legal or equitable, on property, real or personal, within the county or city in which the attachment is. The word "estate," as herein used, includes all rights or interests of a pecuniary nature which can be protected, enforced, or proceeded against in courts of law or equity

Here, the principal defendant, Kazi, is a foreign (California) corporation with its principal place of business in California, and is not a resident of the Commonwealth of Virginia. Kazi maintains offices at 2711 Jefferson Davis Hwy, Suite 630, Arlington, Virginia 22202, and upon information and belief, has debts owing to it within Loudoun County, Virginia. Therefore, the requirements for issuance of a writ of attachment are present here.

Under Va. Code Ann. section 8.01-540, the Court "shall make an ex parte review of the petition. The judge or magistrate shall issue an attachment in accordance with the prayer of the petition only upon a determination that (i) there is reasonable cause to believe that grounds for attachment may exist and (ii) the petition complies with §§ 8.01-534, 8.01-537, and 8.01-538[1].

---

[1] Section 8.01-538 relates solely to attachment of ships, boats and other vessels of more than twenty tons, none of which is applicable here.

The judge or magistrate may receive evidence only in the form of a sworn petition which shall be filed in the office of the clerk of the court."

Essex has filed its verified Complaint that satisfies the cited sections. As described above, section 8.01-534 is satisfied based on the status of Kazi as a foreign (California) non-resident corporation. Section 8.01-537 likewise is satisfied because the Complaint:

a. Seeks to recover specific personal property, which is? itemized and described in detail (the Essex Goods)

b. States the kind, quantity, and estimated fair market value of the Essex Goods;

c. States the character of the estate in the Essex Goods claimed by Essex (Essex delivered the Essex Goods to Kazi but Kazi has failed to pay for them);

d. States the claim with such certainty as will give Kazi reasonable notice of the true nature of the claim and the particulars of the claim (the Complaint provides all details of the contracts, delivery and failure to pay for the Essex Goods);

e. States the sum, if any, that Essex is entitled to recover for the detention of the Essex Goods (the Complaint states the claim for the amount due from Kazi for the Essex Goods; the Complaint also recites the interest due during Kazi's period of nonpayment (1.5% per month), and requests costs and legal fees associated with recovering the Essex Goods, which are yet to be determined).

f. States the sum certain ($446,813.59) to which Essex is entitled for the nonpayment of the Essex Goods.

g. States the grounds under section 8.01-534 giving rise to an attachment and recites the facts in support.

h. Requests attachment against the specific personal property (the Essex Goods) described in the Complaint.

i. Requests the applicable officer to levy upon the Essex Goods take possession of the Essex Goods.

Essex, therefore, has provided all necessary facts and statements in support of issuance of the attachment order.

Essex is prepared to post a bond in an amount determined by this court, as provided in section 8.01-537.1, allowing for the pretrial attachment of the Essex Goods.

WHEREFORE, for the reasons set forth here, in the verified Complaint, the Ex Parte Motion for Prejudgment Attachment, and this Memorandum in support of the Motion, Plaintiff Essex requests that this Court enter its order of prejudgment attachment against the Essex Goods described in the Complaint, direct the United States Marshal to seize the goods, and grant such other and further relief as the Court deems just and proper.

<The remainder of this page intentionally left blank.>

Date: January 20, 2015

Respectfully submitted,

*/s/ Stephen Leach/*

Stephen E. Leach (Va. Bar No. 20601)
**Leach Travell Britt PC**
8270 Greensboro Drive
Suite 700
Tysons Corner, Virginia 22102
Tel 703.584.8902
Fax 703.584.8901
sleach@ltblaw.com

and

*D. Marc Sarata*
*#68621*
*Leach Travell*
*Britt*
*703-584-8900*
*msarata@ltb*
*.com*

LEWIS, RICE & FINGERSH, L.C.
John J. Hall (Mo. Bar No. 41419)
600 Washington Ave., Suite 2500
St. Louis, Missouri 63101
(314) 444-7600 telephone
(314) 612-7635 facsimile

Attorneys for Essex Industries, Inc.

7