IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

- Alexandria Division –

| | |
|---|---|
| **ESSEX INDUSTRIES, INC.** ) | |
| ) | Case No. 1:15-cv-77-LMB-JFA |
| versus ) | |
| ) | |
| **KAZI INVESTMENT GROUP, Inc. et al.** ) | |
| ) | |
| and ) | |
| ) | |
| **RAYTHEON TECHNICAL SERVICES COMPANY** ) | |
| (Intervenor Defendant) ) | |
| ) | |

## DEFENDANT KAZI INVESTMENT GROUP INC.'S ANSWER

Defendant Kazi Investment Group, Inc. ("Kazi") hereby responds to the Verified Complaint ("Complaint"), filed by Plaintiff Essex Industries, Inc. ("Essex") and admits, denies, and alleges as follows:

### THE PARTIES

1. Kazi lacks sufficient information to admit or deny the Allegations of Paragraph 1 of the Complaint and, on that basis, Kazi denies the allegations thereof.

2. Kazi denies that its principal place of business is at Suite 260 on 2010 Main Street in Irvine California. Kazi's principal place of business is 2010 Main Street, Suite 315, Irvine California. Except as expressly denied, Kazi admits the remaining allegations of Paragraph 2.

3. Kazi admits that Sovana Global Logistics, LLC ("Sovana") maintains offices in Dulles, Virginia. Except as expressly admitted, Kazi lacks sufficient information to admit or

deny the remaining allegations of Paragraph 3 of the Complaint and, on that basis, Kazi denies the remaining allegations thereof.

## JURISDICTION AND VENUE

4. To the extent that Paragraph 4 asserts legal conclusions, no response is required. Kazi lacks sufficient information to admit or deny the remaining factual allegations of Paragraph 4 of the Complaint and, on that basis, Kazi denies the allegations thereof.

5. To the extent that Paragraph 5 asserts legal conclusions, no response is required. Kazi lacks sufficient information to admit or deny the remaining factual allegations of Paragraph 5 of the Complaint and, on that basis, Kazi denies the allegations thereof.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Kazi lacks sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint and, on that basis, Kazi denies the allegations thereof.

7. Kazi admits the allegations of Paragraph 7.

8. Kazi admits the allegations of Paragraph 8 and further admits that Exhibit A to the Complaint is a copy of the Purchase Order.

9. Kazi admits that it executed a Credit Application with Essex dated May 28, 2014 but denies that its terms are controlling and/or dispositive of the various issues herein. Kazi further admits that Exhibit B to the Complaint is a copy of the Credit Application. Kazi denies the remaining allegations of Paragraph 9.

10. To the extent that Paragraph 10 asserts legal conclusions, no response is required. Kazi lacks sufficient information to admit or deny the factual allegations of Paragraph 10. For example, the Essex goods have never been tested, and therefore, could be faulty, and Essex has

ongoing warranty obligations which have not been "fully performed." On those bases, Kazi denies the allegations of Paragraph 10.

11. Kazi admits the allegations of Paragraph 11 and that Exhibit C to the Complaint is a copy of the shipping statement and acknowledgment.

12. Kazi admits the allegations of Paragraph 12 and further admits that Exhibit D to the Complaint is a copy of the June Invoice and that Exhibit E to the Complaint is a copy of the Terms and Conditions. Kazi denies that such invoice is controlling and denies the remaining allegations of Paragraph 12.

13. Kazi admits the allegations of Paragraph 13.

14. Kazi admits the allegations of Paragraph 14 and admits that Exhibit F to the Complaint is a copy of the Joint Payment Agreement.

15. Kazi admits the allegations of Paragraph 15 and admits that Exhibit G to the Complaint is a copy of the August Invoice.

16. Kazi admits that it has not paid Essex for the Essex Goods. The terms of payment were left uncertain and Kazi's obligation to pay Essex does not mature until it is paid by Raytheon. On that basis, Kazi denies the remaining allegations of Paragraph 16.

17. Kazi admits the allegations of Paragraph 17 and admits that Exhibit H to the Complaint is a copy of the October 21, 2014 demand.

18. Kazi admits the allegations of Paragraph 18 and admits that Exhibit I to the Complaint is an October 21, 2014 Electronic Mail from Brad Brigante.

19. Kazi admits the allegations of Paragraph 19 and admits that Exhibit J to the Complaint is an October 29, 2014 Electronic Mail from Brad Brigante.

20. Kazi admits that Kazi has not returned the Essex Goods to Essex. Except as expressly admitted, Kazi lacks sufficient information to admit or deny the remaining allegations of Paragraph 20 and, on that basis, denies the remaining allegations thereof.

## COUNT I

## BREACH OF CONTRACT

21. Kazi restates and incorporates by reference the responses set forth in Paragraphs 1 through 20 of this Answer as though fully set forth herein.

22. Kazi admits that it and Essex entered into an agreement between them for Essex's manufacture and delivery of the Essex Goods. The terms of payment were left uncertain and Kazi's obligation to pay Essex does not mature until it is paid by Raytheon. On that basis, Kazi denies the remaining allegations of Paragraph 22.

23. To the extent that Paragraph 23 asserts legal conclusions, no response is required. Kazi lacks sufficient information to admit or deny the factual allegations of Paragraph 23. For example, the Essex goods have never been tested, and therefore, could be faulty, and Essex has ongoing warranty obligations which have not been "fully performed." On those bases, Kazi denies the allegations of Paragraph 23.

24. Kazi admits that it has not paid Essex. The terms of payment were left uncertain and Kazi's obligation to pay Essex does not mature until it is paid by Raytheon. On that basis, Kazi denies the remaining allegations of Paragraph 24.

25. To the extent that Paragraph 25 asserts legal conclusions, no response is required. Kazi lacks sufficient information to admit or deny the remaining factual allegations of Paragraph 25 of the Complaint. Moreover, the terms of payment were left uncertain and Kazi's obligation

to pay Essex does not mature until it is paid by Raytheon. On those bases, Kazi denies the allegations thereof.

## COUNT II

## ACTION ON ACCOUNT

26. Kazi restates and incorporates by reference the responses set forth in Paragraphs 1 through 25 of this Answer as though fully set forth herein.

27. To the extent that Paragraph 27 asserts legal conclusions, no response is required. Kazi lacks sufficient information to admit or deny the remaining factual allegations of Paragraph 27 of the Complaint. Moreover, the terms of payment were left uncertain and Kazi's obligation to pay Essex does not mature until it is paid by Raytheon. On those bases, Kazi denies the allegations on Paragraph 27.

28. Kazi admits the allegations of Paragraph 28.

29. Kazi admits the allegations of Paragraph 29.

30. Kazi admits that Essex's charges for the Essex Goods were agreed upon by Kazi. Kazi lacks sufficient information to admit or deny remaining factual allegations of Paragraph 30 and to the extent that Paragraph 30 asserts legal conclusions, no response is required.

31. Kazi admits that it has not paid for the Essex Goods. The terms of payment were left uncertain and Kazi's obligation to pay Essex does not mature until it is paid by Raytheon. Except as expressly admitted, Kazi denies the remaining allegations of Paragraph 31.

## COUNT III

### ACTION FOR PREJUDGMENT ATTACHMENT

32. Kazi restates and incorporates by reference the responses set forth in Paragraphs 1 through 31 of this Answer as though fully set forth herein.

33. Kazi admits the allegations of Paragraph 33.

34. Kazi admits that Plaintiff's Count III purports to seek an attachment against the Essex Goods held by Kazi or Kazi' agent, Sovana. Except as expressly admitted, Kazi lacks sufficient information to admit or deny the remaining allegations of Paragraph 34 of the Complaint and, on that basis, Kazi denies the remaining allegations thereof.

35. Kazi admits that Plaintiff's Count III requests that Essex take possession of the Essex Goods. Except as expressly admitted, Kazi lacks sufficient information to admit or deny the remaining allegations of Paragraph 35 of the Complaint and, on that basis, Kazi denies the remaining allegations thereof.

36. To the extent that Paragraph 36 asserts legal conclusions, no response is required. Kazi lacks sufficient information to admit or deny the remaining factual allegations of Paragraph 36 of the Complaint and, on that basis, Kazi denies the allegations thereof.

37. Kazi lacks sufficient information to admit or deny the allegations of Paragraph 37 of the Complaint and, on that basis, Kazi denies the allegations thereof.

          Respectfully submitted,
          **KAZI INVESTMENT GROUP INC.**
          By Counsel

_____/ss/ James S. Kurz_____

James S. Kurz (VSB #16610)
Jacquelyn A. Jones (VSB #82261)
**REDMON PEYTON & BRASWELL  LLP**
510 King Street, Suite 301
Alexandria, VA  22314
Ph:   (703) 684-2000 ext. 12
Fax: (703) 684-5109
JKurz@RPB-law.com
JJones@RPB-law.com


### CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on March 2, 2015, I served the foregoing Answer by electronic filing upon the following counsel of record:

>Stephen E. Leach
>Devin Marc Sarata
>**LEACH TRAVELL BRITT PC**
>8270 Greensboro Drive, Suite 1050
>Tysons Corner, Virginia 22102
>Telephone: (703) 584-8000
>Facsimile: (703) 548-8901
>sleach@ltblaw.com
>
>and
>
>Joseph Dominick West
>**GIBSON DUNN & CRUTCHER  LLP**
>1050 Connecticut, Ave., N.W.  Suite 300
>Washington, DC   20036
>Telephone: (202) 856-8500
>Facsimile: (202) 467-0539
>JWest@gibsondunn.com

_____/ss/ James S. Kurz_____
James S. Kurz (VSB #16610)